## Louisa Weber, Appellee, v. City of Chicago, Appellant.

### Gen. No. 22,359. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. Marcus A. Kavanagh, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed October 30, 1916.

### Statement of the Case.

Action by Louisa Weber, plaintiff, against the City of Chicago, defendant, in the Superior Court of Cook county, to recover for personal injuries sustained by reason of a defective sidewalk in defendant city. From a judgment of $2,000 for plaintiff, defendant appeals.

Samuel A. Ettelson and Charles R. Francis, for appellant; Henry T. Chace, Jr., of counsel.

Peden, Kahn & Murphy, for appellee; R. C. Merrick, of counsel.

Mr. Presiding Justice McSurely delivered the opinion of the court.

### Abstract of the Decision.

1. Municipal corporations, § 1084*—*what is gist of action for injuries caused by defective sidewalk.* The gist of an action against a municipal corporation for personal injuries sustained by reason of a defective sidewalk is the negligence of the municipality in permitting the sidewalk to be and remain in bad and unsafe repair and condition.

2. Municipal corporations, § 1098*—*what evidence sustains allegation that sidewalk was defective.* In an action against a city for personal injuries sustained by reason of a defective plank sidewalk, the allegation of negligence in the declaration is sustained by evi-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dence that it was in fact in bad or unsafe repair and condition, either by reason of a plank being broken, or because the planks were loose and not fastened to the stringers.

3. MUNICIPAL CORPORATIONS, § 1084*—*where no variance between allegation of defective sidewalk and proof.* In an action against a· city to recover for personal injuries sustained by reason of a defective sidewalk, where the declaration alleged that "defendant permitted said sidewalk * * * to be and remain in bad and unsafe condition and repair, and divers boards * * * to be and remain loose, broken," etc., *held* no fatal variance where the evidence shows that the defect which caused the accident sought to be recovered for was a missing plank.

4. DAMAGES, § 128*—*when not 'excessive for permanent injury to ankle.* In an action against a city to recover for personal injuries sustained by reason of a missing plank in a board sidewalk in defendant city,· causing plaintiff, a middle-aged woman weighing 220 pounds, to fall and injure her ankle, where there was evidence that plaintiff was crippled for six months as a result of the accident and suffered much pain even up to the time of the trial, twelve years after the accident, and where there was medical testimony that the injury is permanent, a verdict of $2,000 for plaintiff, *held* not excessive.